ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Amber M. Solano        State Bar No. 216212
    ASolano@aalrr.com
Grace M. Lau        State Bar No. 312977
    Grace.Lau@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for Defendant
HOME DEPOT U.S.A. INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ALEXANDER CRUZ,<br><br>                    Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation;  DOES 1 to 100, Inclusive,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANT HOME DEPOT U.S.A. INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>*Removed from Kern County Superior Court Case No. 26CUB00289 (Metropolitan Division, Bakersfield, CA)*<br><br>Complete Set of Papers Filed:<br>1.  Notice of Removal of Action.<br>2.  Declaration of Sandra Johnson in Support of Notice of Removal.<br>3.  Corporate Disclosure Statement.<br>4.  Civil Cover Sheet.<br>5.  Notice of Pendency of Other Actions<br>6.  Certification and Notice of Interested Parties.<br>7.  Certificate of Service of Removal Papers.<br><br>Complaint Filed:    January 27, 2026<br>Trial Date:  None |

/ / /

/ / /

/ / /

/ / /

Case No.:

56145789.1/015428.00134

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# **TABLE OF CONTENTS**

Page

I.      STATEMENT OF THE CASE ............................................................................. 6

II.     NOTICE OF REMOVAL IS TIMELY ............................................................... 7

III.    GROUNDS FOR REMOVAL ............................................................................ 7

        A.      Diversity of Citizenship Exists ............................................................. 8

IV.     THE AMOUNT IN CONTROVERSY FAR EXCEEDS $75,000 ..................... 9

        A.      Legal Standard ...................................................................................... 9

        B.      Plaintiff's Alleged Damages ............................................................... 11

                1.      Compensatory Damages ........................................................... 12

                2.      Emotional Distress Damages ................................................... 13

                3.      Punitive Damages ..................................................................... 14

                4.      Attorney Fees and Costs .......................................................... 15

                5.      Evidence of Jury Verdicts in Cases Involving Analogous Facts
                        Confirm That Plaintiff's Claims Exceed the Jurisdictional Minimum ..... 16

V.      VENUE ............................................................................................................ 17

VI.     NOTICE OF REMOVAL IS PROCEDURALLY PROPER ............................ 18

VII.    CONCLUSION ............................................................................................... 18

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Case No.:

DEFENDANT HOME DEPOT U.S.A. INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

56145789.1/015428.00134

**TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Arellano* v. *Home Depot U.S.A., Inc.*
245 F.Supp.2d 1102 (S.D. Cal. 2003) ................................................................... 9

*Arias v. Residence Inn by Marriott*
936 F.3d 920 (9th Cir. 2019) ............................................................................... 10

*Armstrong* v. *Church of Scientology Int'l.*
243 F.3d 546 (9th Cir. 2000) ................................................................................. 8

*Aucina* v. *Amoco Oil Co.*
871 F.Supp. 332 (S.D. Iowa 1994) ...................................................................... 15

*Balian v. Home Depot U.S.A., Inc.*
2017 WL 4083563 (C.D. Cal. 2017) ..................................................................... 9

*BMW of North America, Inc. v. Gore, Jr.*
517 U.S. 559 (1996) ....................................................................................... 14,15

*Boon* v. *Allstate Ins. Co.*
229 F.Supp.2d 1016 (C.D. Cal. 2002) ................................................................... 8

*Cain v. Hartford Life & Accident Ins. Co.*
890 F. Supp. 2d 1246 (C.D. Cal. 2012) ............................................................... 13

*Castanon v. Int'l Paper Co.*
No. 2:15-CV-08362-ODW (JC), 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) ...................... 15

*Chavez v. JPMorgan Chase*
888 F.3d 413 (9th Cir. 2018) .......................................................................... 10,12

*Fristoe v. Reynolds Metals Co.*
615 F.2d 1209 (9th Cir. 1980) ............................................................................... 9

*Fritsch v. Swift Transp. Co. of Ariz., LLC*
899 F.3d 785 (9th Cir. 2018) .......................................................................... 10,15

*Galt G/S v. JSS Scandinavia*
142 F.3d 1150 (9th Cir. 1998) ........................................................................ 10,15

*Gibson v. Chrysler Corp.*
261 F.3d 927 (9th Cir. 2001) .......................................................................... 10,14

*Gonzales v. CarMax Superstores, LLC*
840 F.3d 644 (9th Cir. 2016) .......................................................................... 11,12

*Hertz Corp. v. Friend* (2010)
130 S.Ct. 1181 ....................................................................................................... 8

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-3-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

*Hunt v. Washington Apple Advert. Comm'n*
  432 U.S. 333 (1977) ............................................................................................................ 10

*Hurd v. Am. Income Life Ins.*
  No. CV 13-5205, RSWL (MRSx), 2013 WL 5575073 ...................................................... 12

*Kanter* v. *Warner-Lambert Co.*
  265 F.3d 853 (9th Cir. 2001) .............................................................................................. 8

*Korn v. Polo Ralph Lauren Corp.*
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) .............................................................................. 10

*Kroske v. U.S. Bank Corp.*
  432 F.3d 976 (9th Cir. 2005) .............................................................................................. 14

*Lew* v. *Moss*
  797 F.2d 747 (9th Cir. 1986) .............................................................................................. 8

*Lewis v. Verizon Communications, Inc.*
  627 F.3d 395 (9th Cir. 2010) .............................................................................................. 10

*Narayan v. Compass Grp. USA, Inc.*
  284 F. Supp. 3d 1076 (E.D. Cal. 2018) .............................................................................. 12

*Rodriguez v. Home Depot U.S.A., Inc.*
  No. 16-cv-01945-JCS, 2016 WL 3902838 (N.D. Cal. Jul. 19, 2016) ................................ 16

*Rothschild Tr. v. Morgan Stanley Dean Witter*
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ................................................................................ 10

*Sanchez v. Monumental Life Ins. Co.*
  102 F.3d 398 (9th Cir. 1996) .............................................................................................. 9

*Sasso v. Noble Utah Long Beach, LLC*
  No. CV 14-9154 AB, 2015 WL 898468 (C.D. Cal. Mar. 3, 2015) ................................ 13,15

*Simmons v. Pcr Technology*
  209 F. Supp. 2d 1029 ................................................................................................. 13,14,16

*State Farm Mut. Auto 1ns. Co.* v. *Dyer*
  19 F.3d 514 (10th Cir. 1994) .............................................................................................. 8

*Surber v. Reliance Nat'l Idem Co.*
  110 F. Supp. 2d 1227 (N.D. Cal. 2000) .............................................................................. 14

*Swinton v. Potomac Corp.*
  270 F.3d 794 (9th Cir. 2001) .......................................................................................... 14,15

*Yeager v. Corrections Corp. of America*
  944 F. Supp. 2d 913 (E.D. Cal. 2013) ................................................................................ 14

**FEDERAL CODES/STATUTES**

28 U.S.C. § 1332 ...................................................................................................... 6,8,9,18

-4-

28 U.S.C. § 1441 ............................................................................................................... passim

28 U.S.C. § 1446 ............................................................................................................. 6,7,17,18

**STATE CODES/STATUTES**

Code of Civil Procedure § 1032 .................................................................................. 15

Government Code § 12956(b) ...................................................................................... 15

**OTHER AUTHORITIES**

*Denenberg v. California Department of Transportation*
    2006 WL 5305734 ...................................................................................................... 16

*Espinoza v. County of Orange*
    2009 WL 6323832 ...................................................................................................... 16

*Hoover v. Dignity Health*
    2018 WL 10015195 .................................................................................................... 17

*Joshua Alexander Cruz v. Home Depot U.S.A., Inc.*
    Case No. 26CUB00289 .............................................................................................. 6

*Ko v. The Square Group LLC*
    2014 WL 8108413 ...................................................................................................... 17

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-5-

Case No.:

DEFENDANT HOME DEPOT U.S.A. INC.'S NOTICE OF  REMOVAL
OF ACTION TO FEDERAL COURT

56145789.1/015428.00134

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, 1446 and all other applicable bases for removal, Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby removes this action filed by Plaintiff Joshua Alexander Cruz ("Plaintiff") from the Superior Court of the State of California for the County of Kern to the United States District Court, Eastern District of California. This is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441.

The grounds for removal are as follows:

## I.   STATEMENT OF THE CASE

On January 27, 2026, Plaintiff, an individual, filed a Complaint for Damages ("Complaint") in the Superior Court of the State of California, County of Kern, captioned *Joshua Alexander Cruz v. Home Depot U.S.A., Inc.*, Case No. 26CUB00289. The Court issued the Summons on January 28, 2026. True and correct copies of the Summons and Complaint are attached hereto as Exhibit A.

Plaintiff alleges three causes of action in the Complaint against Home Depot: (1) Sexual Orientation Harassment (Hostile Work Environment) in Violation of the California Fair Employment and Housing Act ("FEHA"); (2) Retaliation in Violation of the FEHA; and (3) Wrongful Termination in Violation of Public Policy. Plaintiff alleges Home Depot subjected him to discrimination and harassment based on his sexual orientation. Plaintiff's Complaint seeks past and future economic damages including, but not limited to, past and future lost wages and employment benefits, past and future damages for ongoing mental and emotional distress including substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, and pain and suffering. Additionally, Plaintiff seeks punitive damages, attorneys' fees, costs of suit, and pre judgment interest, among other damages.

/ / /

-6-

On January 30, 2026, Plaintiff served the Summons and Complaint on Home Depot's agent for service of process Corporation Service Company ("CSC"). A true and correct copy of CSC's Notice of Service of Process of Plaintiff's Summons and Complaint is attached hereto as Exhibit B.

On February 27, 2026, Home Depot timely served and filed its Answer to Plaintiff's Complaint in Kern County Superior Court. A true and correct copy of Home Depot's Answer including proof of service is attached hereto as Exhibit C.

Pursuant to 28 U.S.C. § l446(a), in addition to the Summons and Complaint and proof of service thereof, and Answer to Complaint, other process, pleadings and orders served on Home Depot in this action include: (1) Civil Case Cover Sheet; and (2) Alternative Dispute Resolution Information Package. True and correct copies of these documents are attached hereto as Exhibit D.

## II.    NOTICE OF REMOVAL IS TIMELY

A notice of removal may be filed within thirty (30) days after service of the complaint. (28 U.S.C. § l446(b).) On January 30, 2026, Plaintiff served Home Depot with the Summons and Complaint through CSC, Home Depot's registered agent for service of process. (See Exhibit B, Notice of Service of Process.) The instant Notice of Removal is filed with this Court on or before March 2, 2026, within 30 days after service of the Complaint under Federal Rule of Civil Procedure, Rule 6.[1] This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## III.    GROUNDS FOR REMOVAL

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

---

[1] The 30th day after Plaintiff's service of process on Home Depot on January 27, 2026, fell on Sunday March 1, 2026. As such, the deadline to file Home Depot's Notice of Removal is Monday, March 2, 2026. (Federal Rules of Civil Procedure Rule 6(a)(1) [if the last day to file is a Saturday, Sunday or legal holiday, the period to file continues to run until the next day that is not a Saturday, Sunday or legal holiday].)

-7-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

embracing the place where such action is pending." (28 U.S.C. § 1441(a).) Unless the civil action is founded on a claim arising under the Constitution, treaties or laws of the United States, the action shall be removable only if none of the parties in interest properly joined and served as defendants are citizens of the state in which such action is brought. (28 U.S.C. § 1441(b)(2).)

### A.    Diversity of Citizenship Exists

Plaintiff is, and was at the time of filing of this action, and at the time of the filing of this Notice of Removal, a citizen of the City of McFarland, County of Kern, State of California. (Complaint, ¶ 1; Declaration of Sandra Johnson ("Johnson Decl.") filed concurrently herewith, ¶ 5.)  Plaintiff worked at Home Depot store no. 8426, located at 601 Woollomes Avenue, Delano, County of Kern, State of California. (Johnson Decl., ¶ 5.)

Residency constitutes a prima facie showing of domicile for purposes of establishing citizenship for diversity jurisdiction. (*State Farm Mut. Auto Ins. Co.* v. *Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).) "An individual is a citizen of the state in which he is domiciled . . ." (*Boon* v. *Allstate Ins. Co.,* 229 F.Supp.2d 1016, 1019 (C.D. Cal. 2002), citing *Kanter* v. *Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir. 2001).) For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. (*Armstrong* v. *Church of Scientology Int'l.,* 243 F.3d 546, 546 (9th Cir. 2000), citing *Lew* v. *Moss,* 797 F.2d 747, 750 (9th Cir. 1986).) Thus, Plaintiff is a citizen of California because he resides in Kern County, California.

For purposes of diversity, a corporation is a citizen of both the State in which it is incorporated and the State that constitutes the corporation's "principal place of business." (28 U.S.C. § 1332(c)(1).) The "phrase 'principal place of business' in 28 U.S.C. §1332(c)(l) refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities." (*Hertz Corp. v. Friend* (2010) 130 S.Ct. 1181, 1192.) The principal place of business is where the corporation

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-8-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

"maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." (*Id.*)

Home Depot is, and was at the time of filing of this action, a corporation incorporated under the laws of the State of Delaware. (Johnson Decl., ¶ 3.) Moreover, at all relevant times, including at the time the Complaint was filed and served, and at the time of this Notice of Removal, Home Depot's principal place of business was and is in Cobb County, Georgia because Home Depot performs the vast majority of its executive and administrative functions at its corporate headquarters in that location. (Johnson Decl., ¶ 4; *Balian v. Home Depot U.S.A., Inc.*, 2017 WL 4083563 at *2-3 (C.D. Cal. 2017) (denying remand and holding "Home Depot is a citizen only of the States of Delaware and Georgia, not California, for the purpose of 28 U.S.C. Section 1332" and that "the complete diversity of citizenship requirement is satisfied."); see also *Arellano* v. *Home Depot U.S.A., Inc.,* 245 F.Supp.2d 1102, 1107 (S.D. Cal. 2003) (denying motion to remand and holding that Home Depot was a citizen of Delaware (state of incorporation) and Georgia (principal place of business) under the "nerve center test," and that complete diversity of citizenship existed between it and plaintiff, a California citizen).)

Named "Doe" defendant is to be disregarded for purposes of removal. (28 U.S.C. § 1441(a); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants sued as "Does" are not required to join in a removal petition).) Thus, the inclusion of "Doe" defendants in the Complaint has no effect on Home Depot's ability to remove.

## IV.    THE AMOUNT IN CONTROVERSY FAR EXCEEDS $75,000

### A.    Legal Standard

Removal is proper if, from the allegations in the Complaint and the Notice of Removal, it is more likely than not the amount in controversy exceeds $75,000. (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).) Where the complaint does not specify a particular damages amount, the removing defendant

-9-

bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000. (*Sanchez, supra,* 102 F.3d at 404; *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 793 (9th Cir. 2018). The "burden is not 'daunting'" and "a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" (*Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008) (emphasis in original) (internal citation omitted).)

In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. (*Hunt v. Washington Apple Advert. Comm'n* 432 U.S. 333,347-48 (1977); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Korn v. Polo Ralph Lauren Corp.* (E.D. Cal. 2008) 536 F.Supp.2d 1199, 1205 ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."); *see also Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (the court must assume the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint).)

"[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." (*Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019), citing *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018).) It is an estimate of the total amount in dispute, not a prospective assessment of the defendant's potential liability. (*Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010).) Specifically, "'the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if [he] prevails.'" (*Fritsch, supra,* 899 F.3d at 793 (quoting *Chavez, supra,* 888 F.3d at 414-

-10-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

415 (holding that "the amount in controversy is not limited to damages incurred prior to removal – for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)," but rather "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *see also Gonzales v. CarMax Superstores, LLC,* 840 F.3d 644, 648-649 (9th Cir. 2016).)

### B.   Plaintiff's Alleged Damages

Plaintiff was employed at Home Depot as a full-time associate from June 4, 2023 to September 4, 2025.  (Johnson Decl., ¶ 5.)   At the time his employment at Home Depot ended, Plaintiff was an hourly employee earning $21.63 per hour.  (*Id*.) From January 1, 2025 to September 4, 2025 when Plaintiff's employment ended, Plaintiff earned $31,185.17, which equates to $3,898 per month or $46,776 per year, in addition to a company paid vision insurance benefit of $120 per month or $1,440 per year, and overtime pay. (*Id*.)  At the time Plaintiff's employment ended, he was 29 years old.  (*Id*.) Plaintiff alleges his wage loss is ongoing and will continue in the future as discussed below.

Plaintiff alleges as a proximate result of Home Depot's conduct in subjecting Plaintiff to discrimination and harassment, he has suffered and continues to suffer economic detriment and monetary damages including, but not limited to, loss of wages, salary, bonuses, and benefits including, but not limited to, retirement savings, life, and medical/health insurance, and other unspecified economic damages according to proof.  (Complaint, ¶ ¶ 27, 36,  and 44.)  Plaintiff further alleges as a proximate result of Home Depot's conduct, he has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and is "generally damaged" in an amount according to proof at trial.  (Complaint, ¶ ¶ 28, 37, and 45.)   Plaintiff alleges Home Depot's conduct warrants an award of punitive damages.  (Complaint, ¶ ¶ 29, 38, and 46.)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Case No.:

56145789.1/015428.00134

DEFENDANT HOME DEPOT U.S.A. INC.'S NOTICE OF  REMOVAL OF ACTION TO FEDERAL COURT

Plaintiff's Complaint prays for (1) lost wages and benefits "and other monetary relief in an amount to be determined at trial," (2) compensatory damages, "including emotional distress damages" in an amount to be determined at trial, (3) general and special damages in an amount to be determined at trial, (4) punitive damages, (5) reasonable attorneys' fees, costs, expert costs, and expenses pursuant to statutory and common law, and (6) such other relief as the Court may deem just, fair, and proper. (Complaint, pp. 7-8)

### 1. **Compensatory Damages**

Plaintiff alleges he has sustained and will continue to sustain in the future loss of earnings, earning capacity, employment benefits, and other unspecified economic damages. The Ninth Circuit has made clear that the amount in controversy is the "'amount at stake in the underlying litigation.'" (*Chavez,* 888 F.3d at 417 (quoting *Gonzales,* 840 F.3d at 648-649).) As such, "[i]f a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are *presently* in controversy." (*Id.* at 417 (emphasis in original).) Since, in calculating the amount in controversy, the Court must assume that the allegations in Plaintiff's Amended Complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the Amended Complaint, then Plaintiff's damages for past lost wages at the end of this litigation, which will not occur for at least another year, will far exceed Plaintiff's annual earnings, benefits and overtime pay, in addition to Plaintiff's other unspecified economic damages. Plaintiff's future lost wages will likely exceed $75,000 since he was 29 years of age at the time of his termination and his annual earnings and benefits were approximately $48,216. Along with Plaintiff's added claims for mental and emotional distress, punitive damages and attorneys' fees and costs, pre and post

-12-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

judgment interest, the amount in controversy in this matter will undoubtedly exceed $75,000.  (*See Narayan v. Compass Grp. USA, Inc.,* 284 F. Supp. 3d 1076 at 1089-91 (E.D. Cal. 2018) (amount of lost income relevant to determining amount in controversy was approximately $9,009.15, but joined with other damages the plaintiff sought would cause the amount in controversy to exceed the jurisdictional minimum; *see also Hurd v. Am. Income Life Ins.,* No. CV 13-5205, RSWL (MRSx), 2013 WL 5575073, at *7 ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.").)

### 2.  Emotional Distress Damages

"Emotional distress damages are properly considered in the amount in controversy for jurisdictional purposes." (*See Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-9154 AB (AJx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015); *see also Egan* v. *Premier Scales & Sys.,* 237 F.Supp.2d 774, 776 . (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement").)  Moreover, "[t]o establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." (*Cain v. Hartford Life & Accident Ins. Co.,* 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).  Federal district courts have found that awards for emotional distress damages in employment cases can reasonably be anticipated to exceed $75,000.  (*See, e.g., Simmons v. Pcr Technology,* 209 F. Supp. 2d 1029[2], 1034 (N.D. Cal. 2002) (citing a case in which an award for pain and suffering in an employment

[2] In *Simmons*, Plaintiff alleged employment discrimination and retaliation,  Plaintiff's lost wages from time employment ended to time of removal totaled $25,560 based on monthly salary of $2,560.  As in the instant case, Plaintiff in *Simmons* alleged he suffered humiliation, mental anguish, and emotional and physical distress.  (*Simmons,* 209 F. Supp. 2d at 1032-1034.)

-13-

Case No.:

56145789.1/015428.00134

DEFENDANT HOME DEPOT U.S.A. INC.'S NOTICE OF  REMOVAL OF ACTION TO FEDERAL COURT

discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial.")  In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), the Ninth Circuit found that although plaintiff had just $55,000 in lost wages, the district court's conclusion that plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim", was not clearly erroneous, and the jurisdictional minimum was met.

Here, the aforementioned cases and the jury verdicts cited below show substantial amounts awarded for emotional distress claims in employment discrimination cases.  Along with Plaintiff's compensatory damages, and claims for emotional distress, punitive damages and attorneys' fees, the amount in controversy in this matter exceeds $75,000.

### 3.    **Punitive Damages**

Plaintiff seeks punitive damages. Because Plaintiff brings a claim under the FEHA, and "[p]unitive damages are recoverable for FEHA violations," punitive damages may be included in the amount in controversy here." (*Yeager v. Corrections Corp. of America,* 944 F. Supp. 2d 913, 931 (E.D. Cal. 2013); *see also Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001).)  As with the calculation of emotional distress damages, jury verdicts in similar cases are an important factor in assessing the amount of punitive damages. (*See Surber v. Reliance Nat'l Idem Co.,* 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) ("In order to establish probable punitive damages, a party asserting federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts."); *see also Simmons,* 209 F. Supp.2d at 1033.)

In *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), the Ninth Circuit upheld an award of $30,000 in emotional distress damages and $1,000,000 in punitive damages where back pay award was only $5,612.  Although the facts of *Swinton* are not perfectly analogous to the facts of Plaintiff's case in that it involved race discrimination, it nonetheless demonstrates that despite minimal economic damages,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-14-

the Ninth Circuit upheld the punitive damages award.  In doing so, the Ninth Circuit quoted the United States Supreme Court in *BMW of North America, Inc. v. Gore, Jr.*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996): "Indeed, low awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages.  A higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine." (*Swinton,* 270 F.3d at 818 (quoting *BMW,* 517 U.S. at 582; see also *Aucina* v. *Amoco Oil Co.,* 871 F.Supp. 332, 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the Defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed the jurisdictional amount.")))

### 4.   Attorney Fees and Costs

Plaintiff seeks attorneys' fees and costs.  Attorneys' fees may be considered in determining the amount in controversy if such fees are recoverable by plaintiff, either by statute or by contract.  (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).)  Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA.  (Government Code § 12956(b); *see also* Code of Civil Procedure § 1032 (a prevailing party is entitled as a matter of right to recover costs in any action or proceeding).)  Thus, because attorneys' fees and costs are expressly authorized by statute, such fees may be included in determining the amount in controversy. (*See also Fritsch, supra*, 899 F.3d at 794 ("[w]e have long held … that attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount of controversy.")) Specifically, courts have recognized that "[e]mployment claims have been found to 'require substantial effort from counsel.'"  (*Sasso,* 2015 WL 898467, at *6 ("[t]his Court and others have held that a reasonable rate for employment cases is $300 per hour" and "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours.");

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

-15-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

*Castanon v. Int'l Paper Co.,* No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *4 (C.D. Cal. Feb. 11, 2016) ("Adopting the same conservative estimate in this case, the Court concludes that [the plaintiff's] demand for attorneys' fees under FEHA adds at least $30,000 to the amount in controversy."))

**5.      Evidence of Jury Verdicts in Cases Involving Analogous Facts Confirm That Plaintiff's Claims Exceed the Jurisdictional Minimum**

As stated above, in addition to Plaintiff's allegations of discrimination and harassment, courts consider "evidence of jury verdicts in cases involving analogous facts" to determine the amount in controversy. (*Simmons,* 209 F. Supp. 2d at 1033; *see also Rodriguez v. Home Depot U.S.A., Inc.,* No. 16-cv-01945-JCS, 2016 WL 3902838, *6 (N.D. Cal. Jul. 19, 2016) ("The fact that the cited cases involve distinguishable facts is not dispositive, as long as the jury verdicts in the cited cases amply demonstrate the potential for large punitive damage awards in similar types of cases.").)

In *Denenberg v. California Department of Transportation*, 2006 WL 5305734, the plaintiff went on a leave of absence, claiming to suffer from stress and depression related to his workplace. When plaintiff returned to work without restrictions, he was informed that his position had been eliminated and he was offered other positions that were equivalent or nearly equivalent to plaintiff's former position. Plaintiff declined the offers and sued his former employer for discrimination and retaliation on the basis of sexual orientation and discrimination and retaliation on the basis of disability. The jury found the defendant liable for failing to provide plaintiff with a reasonable accommodation and discriminated against plaintiff on the basis of a disability. The plaintiff was awarded, along with economic damages, $25,000 in noneconomic damages plus $490,000 in attorneys' fees.

In *Espinoza v. County of Orange,* 2009 WL 6323832, a disability discrimination case, wherein the plaintiff also claimed he was denied a promotion, the

-16-

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

jury awarded the plaintiff $500,000 in emotional distress damages against his employer.

In *Ko v. The Square Group LLC*, 2014 WL 8108413, the plaintiff was a former buyer and data entry employee, who was denied medical leave and terminated from her employment after she was diagnosed with a kidney infection. Plaintiff sued her former employer for disability discrimination, among other causes of action. In addition to awards for lost wages and future loss earnings, the jury awarded plaintiff $125,000 for emotional distress and $500,000 in punitive damages.

In *Hoover v. Dignity Health*, 2018 WL 10015195, the plaintiff was a certified x-ray and CT technologist, who suffered an on-the-job shoulder injury, and later a work-related abdominal injury that required her to take medical leave. After the plaintiff returned from medical leave, she had limitations for which she proposed several accommodations but was told that the proposed accommodations were not feasible. Plaintiff was terminated from her position and sued her employer for disability discrimination, among other causes of action. In addition to a compensatory award, plaintiff was awarded $957,510 in attorneys' fees.

Based on the amounts that were awarded in the discrimination cases cited above, and Plaintiff's allegations of discrimination and harassment in the instant case, Plaintiff's claims of emotional distress or punitive damages or attorneys' fees, alone, satisfy the amount in controversy in this matter.

## V.    **VENUE**

Plaintiff filed his Complaint in Kern County Superior Court. Venue is proper in this district, pursuant to 28 U.S.C. §1441(a) because the District Court for the Eastern District of California is the judicial district embracing the place where the state court case is pending. Home Depot will promptly serve Plaintiff with written notice of removal and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Kern, as required under 28 U.S.C. § 1446(d).

-17-

Case No.:

56145789.1/015428.00134

DEFENDANT HOME DEPOT U.S.A. INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## VI.   <u>NOTICE OF REMOVAL IS PROCEDURALLY PROPER</u>

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Plaintiff and Home Depot are citizens of different states and the amount in controversy exceeds $75,000.

In accordance with the requirements of 28 U.S.C. § 1446(a), all process, pleadings, and orders, served on or filed by Home Depot and Plaintiff in this action are attached. (See Exhibits A, B, C, and D). To Home Depot's knowledge, no other documents have been served upon it.  Pursuant to 28 U.S.C. § 1446(d), written notice of removal and copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Kern, and served on Plaintiff's counsel of record.

No previous application has been made for the requested relief herein.

## VII.   <u>CONCLUSION</u>

Based on the foregoing, Home Depot respectfully requests this action be removed from the Superior Court of the State of California, County of Kern the United States District Court for the Eastern District of California and that all proceedings hereinafter in this matter take place in the United States District Court for the Eastern District of California.

Dated: March 2, 2026

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: */s/ Amber M. Solano*
_____
Amber M. Solano
Grace M. Lau
Attorneys for Defendant
HOME DEPOT U.S.A. INC.

-18-