# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
~~HOME DEPOT U.S.A., INC., a Delaware Corporation;~~ DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSHUA ALEXANDER CRUZ, an Individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED,**
Superior Court of California,
County of Kern
By: Javen Silva
Deputy Clerk

**01/28/2026**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Kern County Superior Court

Metropolitan Division, 1415 Truxtun Avenue, Bakersfield, CA 93301     JS
~~1215 Truxtun Avenue~~

**CASE NUMBER:**
*(Número del Caso):*
26CUB00289

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory P. Wong, Mariana Fernandez, Lyfe Law, LLP, 10880 Wilshire Blvd., 24th Floor, Los Angeles, CA 90024; (888) 203-1422

DATE:
*(Fecha)* 01/28/2026         Tara Leal         Clerk, by *(Secretario)* ___ **Javen Silva** ___ , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HOME DEPOT USA INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

 

GREGORY P. WONG (SBN: 204502)
GregW@lyfe.com
MARIANA FERNANDEZ (SBN: 358164)
MarianaF@lyfe.com
LYFE LAW, LLP
10880 Wilshire Blvd., 24th Floor
Los Angeles, CA 90024
Telephone: 888.203.1422
Facsimile: 888.203.1424

Attorneys for Plaintiff,
Joshua Alexander Cruz, an Individual

ELECTRONICALLY FILED
Superior Court of California,
County of Kern
By: Javen Silva
Deputy Clerk
01/27/26 12:52 PM

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF KERN

| | |
|---|---|
| JOSHUA ALEXANDER CRUZ, an Individual, | CASE NO.:  26CUB00289 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. Harassment (Hostile Environment) in Violation of FEHA (Sexual Orientation); |
| HOME DEPOT U.S.A., INC., a Delaware Corporation; DOES 1 through 100, inclusive, | 2. Retaliation in Violation of FEHA; |
| Defendants. | 3. Wrongful Termination In Violation of Public Policy |
| | [UNLIMITED CIVIL]<br>[JURY TRIAL DEMANDED] |

1
COMPLAINT

Plaintiff, Joshua Alexander Cruz (hereinafter "Plaintiff") alleges and states as follows:

## THE PARTIES

1.   At all times relevant herein, Plaintiff was, and is, an individual who maintained a residence in the City of McFarland, County of Kern, State of California.

2.   Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant Home Depot U.S.A. Inc. (hereinafter "Defendant" or "Defendant Home Depot"), was, and is a Delaware Corporation with principal place of business at 2455 Paces Ferry Road, Atlanta, GA 30339.

3.   Plaintiff is informed and believes, and based thereon alleges, that Defendant Home Depot operates a chain of hardware stores including the store located at 601 Woollomes Ave., Delano, CA 93215, where Plaintiff worked.

4.   Plaintiff is informed and believes and based thereon alleges that Defendants employed Plaintiff as a hardware associate.

5.   Plaintiff is informed and believes, and based thereon alleges, that Defendants are employers subject to the Fair Employment and Housing Act that employs (5) or more employees.

6.   Plaintiff is unaware of the true names and capacities of Defendants named herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege such names and capacities when the same has been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants stated herein bears a legal responsibility to Plaintiff similar to that of the named Defendants herein.

7.   At all times mentioned herein, Defendants DOES 1 through 100, inclusive, were the agents, servants, and employees of their Co-Defendants, and in doing the things herein alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their Co-Defendants.

///

///

///

COMPLAINT

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action and the matters alleged herein pursuant to the grant of original jurisdiction set forth in Article VI, Section 10 of the California Constitution. The statutes under which this action is brought do not specify any other basis for jurisdiction.

9. This Court has jurisdiction over each Defendant, because, upon information and belief, each Defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by this Court consistent with traditional notions of fair play and substantial justice.

10. Venue is proper in this Court, because, upon information and belief, the named Defendants reside, transact business, or have offices in this county, and the acts or omissions alleged herein took place in this county.

11. This matter is properly considered an unlimited matter as Plaintiffs damages exceed $35,000.00 and Plaintiff seeks injunctive relief.

12. Prior to filing this action, Plaintiff exhausted all administrative remedies under the California Fair Employment and Housing Act by filing a Charge of Discrimination with the California Civil Rights Department and receiving a Right to Sue Letter on January 27, 2026.

13. Plaintiff hereby demands a trial by jury.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff was hired by Defendant on or about June 1, 2023 as a hardware associate. Plaintiff remained employed by Defendants through September 4, 2025, when his employment was involuntarily terminated.

15. Plaintiff, a gay man, alleges that he was subjected to harassing conduct because of his sexual orientation. On or around July 2025, Plaintiff was informed that four coworkers and a supervisor were spreading rumors about him. Specifically, they were stating that Plaintiff was in a romantic relationship or "hooking up" with a male manager. As a result of the harassing conduct, Plaintiff felt constant embarrassment and stress as a result of having his coworkers spread rumors about him due to his sexual orientation.

16. Around August 2025, Plaintiff lodged a formal complaint with Defendant regarding the harassing conduct. Shortly thereafter, Plaintiff's employment was involuntarily terminated on September 4, 2025.

### FIRST CAUSE OF ACTION

**(Sexual Orientation Harassment (Hostile Environment) In Violation of FEHA– Against all Defendants)**

17. Plaintiff refers to and incorporates all prior paragraphs herein as though fully set forth herein.

18. Plaintiff alleges that Defendant unlawfully discriminated against him on the basis of his sexual orientation in violation of the California Fair Employment and Housing Act, Gov. Code section 12490, et. Seq. ("FEHA").

19. At all times relevant to this Action, Defendant was a covered "Employer" for purposes of the California Fair Employment and Housing Act.

20. At all times relevant to this Action, Plaintiff was an "Employee" of Defendant for purposes of the California Fair Employment and Housing Act.

21. Plaintiff, a gay man, alleges that he was subjected to harassing conduct because of his sexual orientation. The harassing conduct consisted of verbal harassment.

22. Plaintiff alleges that the harassing conduct was severe and pervasive.

23. Plaintiff alleges that a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, and/or abusive.

24. Plaintiff considered the work environment to be hostile, intimidating, offensive, oppressive, and/or abusive.

25. Plaintiff alleges that the harassing conduct was engaged in by both supervisory and non-supervisory employees. To the extent that all or part of the harassing conduct was engaged in by non-supervisory employees, Defendant knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

26. As a result of the harassment suffered by Plaintiff, Plaintiff was harmed and the hostile environment created by and condoned by Defendant was the cause of such harm.

3

COMPLAINT

27. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and prejudgment interest in an amount to be determined at trial.

28. Plaintiff is informed and believes, and based thereon alleges, that as a further direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has been generally damaged in an amount to be determined at trial.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants sufficient to punish and deter Defendants from engaging in such conduct in the future in an amount to be determined at trial.

30. As a direct result of the conduct of Defendants as set forth above, Plaintiff was forced to incur substantial attorney's fees and costs which are recoverable under California Government Code section 12965(b).

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of FEHA – Against all Defendants)**

31. Plaintiff refers to and incorporates herein by reference all prior paragraphs alleged in this Complaint.

32. California Government Code section 12940(k) makes it unlawful "For any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this

4

COMPLAINT

part."

33. Around August 2025, Plaintiff lodged a formal complaint with Defendant about the hostile work environment that Defendant maintained in his workplace.

34. Plaintiff is informed and believes, and based thereon alleges that Defendant retaliated against him in response to his protected conduct by terminating his employment (the "Retaliatory Adverse Employment Actions").

35. Plaintiff is informed and believes, and based thereon alleges, that his complaint about the harassment he was experiencing was a substantial motiving reason for the Retaliatory Adverse Employment Actions.

36. Plaintiff is informed and believes, and based thereon alleges, that as a direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and prejudgment interest in an amount to be determined at trial.

37. Plaintiff is informed and believes, and based thereon alleges, that as a further direct and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has been generally damaged in an amount to be determined at trial.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendants sufficient to punish and deter Defendants from engaging in such conduct in the future in an amount to be determined at trial.

39. As a direct result of the conduct of Defendants as set forth above, Plaintiff was forced to incur substantial attorney's fees and costs which are recoverable under California

Government Code section 12965(b).

## THIRD CAUSE OF ACTION

### (Wrongful Termination In Violation of Public Policy

### Against All Defendants)

40. Plaintiff refers to and incorporates herein by reference all prior paragraphs alleged in this Complaint.

41. During the period of time relevant to this action, Plaintiff was employed by Defendant.

42. Plaintiff is informed and believes, and based thereon alleges that Defendant terminated Plaintiff's employment on or about September 4, 2025.

43. At all times relevant to this action, the Fair Employment and Housing Act (Gov. Code section 12940, et seq. articulated, codified, and restated the public policy of the State of California. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's complaints about harassment based on his sexual orientation was a substantial motivating reason for his discharge.

44. Plaintiff is informed and believes, and based thereon alleges, that as a direct, substantial, and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer economic detriment and monetary damages, including, but not limited to, loss of wages, salary, bonuses, and benefits, including, but not limited to, retirement savings, life, and medical/health insurance, and prejudgment interest in an amount to be determined at trial.

45. Plaintiff is informed and believes, and based thereon alleges, that as a further direct, substantial, and proximate result of the acts alleged herein, Plaintiff has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, emotional and physical distress, pain and suffering, and has been generally damaged in an amount to be determined at trial.

46. Plaintiff is informed and believes, and based thereon alleges, that Defendant willfully engaged in the conduct alleged herein with malice, fraud, and oppression, without excuse or justification, and with the specific intent to injure Plaintiff for an improper and evil motive which

constitutes a malicious and conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to an award of exemplary and punitive damages against Defendant sufficient to punish and deter Defendant from engaging in such conduct in the future in an amount to be determined at trial.

47.    As a direct result of the conduct of Defendant as set forth above, Plaintiff was forced to incur substantial attorney's fees and costs which are recoverable under California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

## ON THE FIRST CAUSE OF ACTION (SEXUAL ORIENTATION HARASSMENT):

1.    That the Court declare, adjudge, and decree that all Defendants violated the Fair Employment and Housing Act;

2.    For lost wages and benefits and other monetary relief in an amount to be determined at trial;

3.    For compensatory damages, including emotional distress damages, in an amount to be determined at trial;

4.    For general and special damages in an amount to be determined at trial; and

5.    For punitive damages in an amount to be determined at trial.

## ON THE SECOND CAUSE OF ACTION (FEHA RETALIATION):

1.    That the Court declare, adjudge, and decree that all Defendants violated the Fair Employment and Housing Act;

2.    For lost wages and benefits and other monetary relief in an amount to be determined at trial;

3.    For compensatory damages in an amount to be determined at trial;

4.    For general and special damages in an amount to be determined at trial; and

5.    For punitive damages in an amount to be determined at trial.

ON THE THIRD CAUSE OF ACTION (WRONGFUL TERMINATION):

1. That the Court declare, adjudge, and decree that all Defendants terminated Plaintiff in violation of public policy;

2. For lost wages and benefits and other monetary relief in an amount to be determined at trial;

3. For compensatory damages, including emotional distress damages, in an amount to be determined at trial;

4. For general and special damages in an amount to be determined at trial; and

5. For punitive damages in an amount to be determined at trial.

AS TO ALL CAUSES OF ACTION:

1. For an award of reasonable attorneys' fees, costs, expert costs, and expenses pursuant to statutory and common law; and

2. For such other and further relief as this Court may deem just, fair, and proper.

DATED: January 27, 2026

Respectfully Submitted,
LYFE LAW, LLP


/s/ Mariana Fernandez
Gregory P. Wong
Mariana Fernandez
Attorneys for Plaintiff,
Joshua Alexander Cruz